# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DANIEL BARFIELD, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-240 (MTT) |
| Dr. SHARON LEWIS, *et al.*, | ) |
| Defendants. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle has screened this Section 1983 case pursuant to the Prison Litigation Reform Act. Doc. 8. The Magistrate Judge ordered the following claims to go forward and the following Defendants to be served: the access to courts claims against Defendants Cannon, Chatman, Powell, Sellers, and Young; the deliberate indifference to medical needs claims against Defendants Adair, Burnside, and Gore; and the retaliation claims against Defendants Gore and Powell. *Id*. The Magistrate Judge recommends dismissing without prejudice the Plaintiff's medical deliberate indifference claims against Defendants Cannon, Chatman, Lewis, and Sellers, and denying the Plaintiff's motion for a temporary restraining order. *Id*. The Order and Recommendation, filed on January 18, 2018, instructed the parties that their objections to the Recommendation were due within 14 days after being served with a copy of the Recommendation and that "[t]he parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections." *Id*. at 15-16.

Now, the Plaintiff moves for "an order extending time to file his objections . . . and any and all further proceedings for a TWELVE (12) month period of time, which would

extend all filing times to Jan. 28th, 2019." Doc. 26 at 1. Because the Plaintiff is proceeding pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed." (internal quotation marks and citation omitted)); *see also Mays v. United States*, 817 F.3d 728, 731 n.2 (11th Cir. 2016) ("Given Mays's motion to vacate and supplemental notice were filed pro se, we construe them liberally." (citation omitted)). Liberally construed, the Plaintiff argues that the extension is necessary because (1) he has been moved around within his prison twice recently, which has separated him from "prison jail-house lawyer Mr. Hjalmar Rodriguez," whose assistance is necessary because the Plaintiff "is an illiterate person very lacking in education and legal knowledge;" (2) the Defendants have threatened to withhold his mail and will intentionally interfere with his legal proceedings; and (3) a twelve-month extension will give the Plaintiff "time to find a legally trained person in law to assist the Plaintiff." *Id.* at 1-5.

A twelve-month extension is unreasonable on its face. The Plaintiff argues that his illiteracy and lack of education renders him completely reliant on others, but he filed this motion, which is thoughtfully organized and cites legal authority, without assistance and after his separation from Mr. Rodriguez. *See* Doc. 26 at 6 (the Plaintiff's signature on the motion for extension of time). Further, the Plaintiff's claims arise from straightforward factual allegations, and his filings will be construed liberally by the Court. Accordingly, the Plaintiff's stated reasons for needing an extension are not persuasive.

The Plaintiff's motion for an extension of time is also futile. The Court has made a de novo determination of the portions of the Recommendation which recommend rulings against the Plaintiff. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). The Magistrate Judge has ordered most of the Plaintiff's claims to proceed for factual development, so the only portions of the Recommendation which the Plaintiff may contest are the recommendations to (1) dismiss without prejudice his claims for deliberate indifference to medical needs against Defendants Cannon, Chatman, Lewis, and Sellers; and (2) denial of his motion for a temporary restraining order. *See generally* Doc. 8.

The Court finds that both recommendations are due to be adopted, even on de novo review and liberally construing the Plaintiff's filings. The Plaintiff's complaint does not state allegations that would make Defendants Cannon, Chatman, Lewis, or Sellers—none of whom are alleged to have personally participated in medical decision-making on behalf of the Plaintiff—liable for deliberate indifference to medical needs. As for the temporary restraining order, the Plaintiff's pleadings and attached exhibits simply do not show enough to establish a "substantial likelihood of ultimate success on the merits." Doc. 8 at 14 (quoting *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). Accordingly, at this time, any objection to the Magistrate Judge's recommendations would be futile, as the Magistrate Judge's recommendations against the Plaintiff all survive the Court's de novo review. Further, because the case is proceeding, the Plaintiff can move to amend his complaint to add these dismissed claims if he adds pleading sufficient to survive preliminary screening, and he can renew his motion for a temporary restraining order as the record develops.

The Magistrate Judge also states the following regarding the Plaintiff's supplemental state law claims: "Because federal jurisdiction over Plaintiff's state law

claims remains an unsettled issue, it would be unnecessary and inappropriate to reach the merits of such claims at this early stage in this case." Doc. 8 at 14.  The Court disagrees.  To the extent the Plaintiff attempts to raise state law negligence or malpractice claims related to his medical treatment, he has attached no expert affidavit and has not alleged that he has complied with Georgia's ante-litem notice requirements for tort claims against a state government entity and its officers or employees.  *See, e.g.*, O.C.G.A. § 9-11-9.1 (requiring plaintiffs in professional malpractice cases to file an expert affidavit setting forth an act or omission providing the basis of the claim); O.C.G.A. § 50-21-26(a) (requiring plaintiffs to provide written notice to the state before pursuing state law tort claims against the state).  The Plaintiff has therefore failed to state a claim for which relief may be granted, and these claims should also be screened out.  *See* 28 U.S.C. § 1915(e)(2)(B) (requiring courts to dismiss cases brought by pro se plaintiffs if the court determines that the action fails to state a claim on which relief may be granted).  The Court therefore accepts most of the findings, conclusions, and recommendations of the Magistrate Judge and **ADOPTS the Recommendation as modified**, so that the state law claims are also dismissed without prejudice.

Accordingly, the Plaintiff's deliberate indifference to medical needs claims against Defendants Cannon, Chatman, Lewis, and Sellers are **DISMISSED without prejudice**, the Plaintiff's state law claims are **DISMISSED without prejudice**, and the Plaintiff's motion for a temporary restraining order (Doc. 3) is **DENIED**.

**SO ORDERED**, this 13th day of February, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
